```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| STEVEN ROSENBERG, | : |
|     Plaintiff, | : |
| V. | : CASE NO. 3:03CV1087(RNC) |
| CAVALRY INVESTMENTS, LLC, | : |
|     Defendant. | : |

## RULING AND ORDER

After review and over objection, the Magistrate Judge's recommended ruling (Doc. #63) is hereby approved and adopted with the following clarifications and additions.

Defendant contends that it is not a consumer reporting agency and thus is not subject to liability under 15 U.S.C. § 1681c(a)(4). (Defendant's Objection to Recommended Ruling ("Objection") (Doc. # 66), at ¶ 3.)  Section 1681c(a)(4) prohibits consumer reporting agencies from making reports containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." The FCRA defines "consumer reporting agency" as a person who "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties."  15 U.S.C. § 1681a(f); see also Redhead v. Winston & Winston, P.C., 01 CIV. 11475 (DLC), 2002 U.S. Dist. LEXIS 17780, at *8 (S.D.N.Y. Sept. 20, 2002) (observing that the FCRA distinguishes between consumer reporting

agencies and furnishers of information to consumer reporting agencies).  There is no evidence in the record to suggest that defendant engages in such activity.  Accordingly, based on the current record, defendant could not be held liable under 15 U.S.C. § 1681c(a)(4).  This is relevant only insofar as it informs plaintiff's CUTPA claim because, as the recommended ruling states, plaintiff has not asserted an affirmative cause of action under the FCRA.  (See Recommended Ruling on Motion for Summary Judgment ("Recommended Ruling") (Doc. #63), at 7-8 n.3.)

Defendant bases much of its argument for summary judgment on the FDCPA claim on the alleged absence of damages (Objection, at ¶¶ 5-7; Memorandum in Support of Defendant's Motion for Summary Judgment (Doc. #38), at 12-17). The recommended ruling does not explicitly address this issue in detail but correctly concludes that defendant is not entitled to summary judgment.  Under the FDCPA, a debt collector violating any provision thereof can be held liable for actual damages incurred by a plaintiff, statutory damages not to exceed $1000 at the discretion of the court, and costs and reasonable attorney's fees.  15 U.S.C. § 1692k(a); see also Evanauskas v. Strumpf, No. 3-00-CV-1106 (JCH), 2001 U.S. Dist. LEXIS 14326, at *12-19 (D. Conn. June 27, 2001) (observing that actual damages can include damages for emotional distress). A genuine issue of material fact exists regarding whether plaintiff suffered actual damages as a result of defendant's alleged violation of the FDCPA.  (See Rosenberg Aff. (Doc. # 56), at ¶ 15 (stating that plaintiff was "worried, anxious and

sleepless" about his loan application and explaining that plaintiff's mortgage payments are higher than they would have been had his initial refinancing application been approved unconditionally)). Even in the absence of proof of actual damages, plaintiff may qualify for statutory damages. See 15 U.S.C. § 1692k(b)(1) (listing factors relevant to a determination of statutory damages as "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional")  Thus, defendant's argument for summary judgment fails.

With respect to the FCRA, defendant alleges that, even if it failed to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(b), plaintiff suffered no actual damages because the adverse credit decision occurred before defendant's duty to investigate arose. (Objection, at ¶ 6.)  Liability under the FCRA attaches for both negligent violations, which require a showing of actual damages, see 15 U.S.C. § 1681o, and willful violations, for which statutory and punitive damages are available, see 15 U.S.C. § 1681n.  Willful violations require "conscious disregard" or "deliberate and purposeful" conduct. Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 476 (2d Cir. 1995).  It is premature to conclude that any alleged failure to investigate was not willful. (See Recommended Ruling, at 9 ("The defendant has not offered any evidence regarding what, if anything, it did to investigate the dispute.")).  Thus,

defendant's argument for summary judgment on the ground of absence of damages under the FRCA also fails (again this is relevant only insofar as it informs plaintiff's CUTPA claim).

So ordered.

Dated at Hartford this 30th day of September, 2005.

                                          _____/s/_____
                                                Robert N. Chatigny
                                          United States District Judge